Peter R. Afrasiabi, Esq. (Bar No. 193336)
  pafrasiabi@onellp.com
Christopher W. Arledge, Esq. (Bar. No. 200767)
  carledge@onellp.com
Imran F. Vakil (Bar No. 248859)
  ivakil@onellp.com
**ONE LLP**
4000 MacArthur Blvd.
West Tower, Suite 1100
Newport Beach, CA 92660
Telephone:  (949) 502-2870
Facsimile:   (949) 258-5081
*Attorneys for Plaintiff, Mavrix Photo, Inc.*

Tamany V. Bentz, Esq.
  TJBentz@Venable.com
Schuyler B. Sorosky, Esq.
  SBSorosky@Venable.com
**Venable LLP**
2049 Century Park East, Suite 2100,
Los Angeles, CA 90067
Telephone:  310.229.9900
Facsimile:   310.229.9901
*Attorneys for Defendants,
Young, Black, And Fabulous LLC and Natasha Eubanks*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAVRIX PHOTO, INC., a Florida corporation,<br><br>    Plaintiff,<br>v.<br><br>YOUNG, BLACK, AND FABULOUS, a Virginia limited liability company d/b/a THEYBF.COM; NATASHA EUBANKS, an individual;  and DOES 1-10 INCLUSIVE,<br><br>    Defendants. | Case No. CV 12-10312 GHK (JCx)<br><br>**STIPULATION AND ORDER RE: PROTECTIVE ORDER**<br><br>**[CHANGES MADE BY COURT TO PARAGRAPHS 5, 6, 20, 21 AND 22]** |

**PROTECTIVE ORDER**

1  The parties, through their respective counsel of record listed below, hereby stipulate to the
2  following protective order and ask the Court to enter it.

Dated: May 23, 2013                **ONE LLP**

                                   By:    / Imran F. Vakil/
                                   Imran F. Vakil
                                   Christopher W. Arledge
                                   Peter R. Afrasiabi
                                   *Attorneys for Plaintiff, Mavrix Photo, Inc.*

Dated: May 23, 2013                **VENABLE LLP**

                                   By:    /Tamany V. Bentz/
                                   Tamany V. Bentz
                                   Schuyler B. Sorosky
                                   *Attorneys for Defendants Young, Black,
                                   And Fabulous LLC and Natasha Eubanks*

     The stipulated protective order below is hereby entered as modified.

Dated: May 23, 2013

                                   By:           /s/
                                   Hon. Jacqueline Chooljian

# PROTECTIVE ORDER

1.      The terms "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" shall mean and include documents, portions of documents, answers to interrogatories, responses to requests for admission, depositions, affidavits, expert reports, legal briefs or memoranda, and information derived therefrom deemed by any party to contain a trade secret, confidential information or proprietary information belonging to it.  In designating information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," a party will make such designation only as to that information that the party in good faith believes contains confidential information, proprietary information or a trade secret.

2.      The term "documents" shall include all material within the meaning of the federal rules of procedure.

3.      Each party to this litigation may designate any documents, things, interrogatory answers, deposition testimony, or other information which it has provided or which a third-party has provided as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" in accordance with this Protective Order.  The party designating such information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be known as the "Designating Party."

4.      The term "Counsel" shall mean (i) the attorneys of record and their associates of VENABLE LLP for Defendants and (ii) the attorneys of record and their associates of ONE LLP for Plaintiff.  If any of the parties seek to substitute any of the law firms listed in this paragraph with another law firm or to add additional law firms then, prior to disclosure of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the substitute or additional law firm shall acknowledge in writing that it is familiar with and agrees to comply with and be bound by all provisions of this Protective Order.

5.      All information designated as "CONFIDENTIAL" shall not be disclosed to anyone other than the parties; Counsel; experts, consultants, and translators retained for this litigation; the court and the court's personnel as well as any court considering any appeal in

this matter and its personnel; court reporters employed in connection with this action; and trial and hearing support personnel and their staffs.  All persons other than Counsel and the parties in the instant action and the Court and Court personnel to whom "CONFIDENTIAL" is disclosed shall read this Protective Order in advance of such disclosure and agree in writing to be bound by its terms, in accordance with Paragraph 8 of this Protective Order.

"CONFIDENTIAL" information shall not be used for any purpose other than as is set forth in Paragraph 20 of this Protective Order unless and until such designation is removed either by agreement of Counsel or by order of the Court.

6. All information designated as "ATTORNEYS' EYES ONLY" shall not be disclosed to anyone other than Counsel; experts, consultants, and translators retained for this litigation; the court and the court's personnel as well as any court considering any appeal in this matter and its personnel; court reporters employed in connection with this action; and trial and hearing support personnel and their staffs.  The experts, consultants, and translators who may view "ATTORNEYS' EYES ONLY" cannot be employees or independent contractors of either Plaintiff or Defendant or any of Plaintiff's or Defendant's subsidiaries or affiliated companies.  All persons other than Counsel in the instant action and the Court and Court personnel to whom "ATTORNEYS' EYES ONLY" is disclosed shall read this Protective Order in advance of such disclosure and agree in writing to be bound by its terms, in accordance with Paragraph 8 of this Protective Order.

"ATTORNEYS' EYES ONLY" information shall not be used for any purpose other than as is set forth in Paragraph 20 of this Protective Order unless and until such designation is removed either by agreement of Counsel or by order of the Court.

7. With respect to documents designated as including "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," any person indicated on the face of the document to be its originator, author, or recipient may be shown the documents.  Additionally, any document designated as including "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be

shown to any employee of the Designating Party and/or the party that produced the document during a deposition of that employee if it is reasonably probable that the employee would have access to or knowledge of the information contained in that document.

8. Prior to disclosing any material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to any expert, consultant or translator retained by the non-Designating party, Counsel for the non-Designating Party shall obtain from any such expert, consultant or translator an executed sworn statement in the form of Attachment A, a copy of which shall be provided to Counsel, both by email and by postal mail, for the Designating Party at least seven days prior to disclosure of any such material to the expert, consultant or translator. Disclosure of such information to any expert, consultant or translator shall not be deemed an act constituting a waiver of the confidentiality of the material disclosed.

Counsel for the non-Designating Party shall also provide to all Counsel the following information in writing for any such expert, consultant or translator: (i) the person's full name, address and telephone number; (ii) the person's present occupation; (iii) the identity of all employers (name, address and telephone number) of that person for at least the past five (5) years and the dates of such employment; and (iv) a description of the nature of any relationship (purpose and length of relationship) that the person has or has had with any of the parties to this litigation.

The Designating Party shall have seven (7) days from the date of receipt in which to object to the disclosure of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to the expert, consultant or translator. If objection is timely made, no "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be disclosed to said expert, consultant or translator unless otherwise agreed to by the parties or ordered by the Court.

9. In the event the producing party elects to produce documents and things for inspection rather than produce copies of documents, no marking need be made by the

producing party in advance of the initial inspection.  Information obtained by counsel from initial inspection of documents, whether in written form or not, shall be maintained as "ATTORNEYS' EYES ONLY" for a period of ten (10) days.  Within this period, the disclosing party shall have the right to re-designate such inspected documents to maintain the same designation, a lower designation, or without a designation of confidentiality.   In the event that the disclosing party fails to re-designate the same information, it shall be treated as "CONFIDENTIAL."  Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of such documents as may contain protected subject matter with the appropriate confidentiality marking at the time the copies are produced to the inspecting party.  Said marking shall not delay the production of the copies.  10.        Whenever a deposition taken on behalf of any party involves a disclosure of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" of any party:

    (a)    Said deposition or portions thereof shall be designated as containing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" subject to the provisions of this Protective Order at the time the deposition is taken whenever possible; however, any party shall have until ten (10) days after receipt of the deposition transcript within which to designate in writing to the other party(ies) to the action those portions of the transcript designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," and the right to make such designation shall be waived unless made within the ten (10) day period;

    (b)    Any party shall have the right to exclude from attendance at said deposition, during such time as the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" is to be disclosed, every individual not entitled under the Protective Order to receipt of the information, excluding the deponent and the Court Reporter.

11. Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering legal advice to the attorney's party-client with respect to this action, and in the course thereof, relying upon an examination of "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY"; provided, however, that in rendering such legal advice and in otherwise communicating with the party-client, the attorney shall not disclose any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to anyone not authorized to receive such documents, things, materials or information pursuant to the terms of this Protective Order.

12. Any documents produced in discovery, answers to interrogatories, deposition transcripts, or other documents that are filed with the Court for any purpose and that incorporate information that is designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be filed in compliance with Local Rule 79 and 79-5.

13. Nothing in this Protective Order, or the taking of any action in accordance with the provisions of this Protective Order, or the failure to object thereto, shall be construed as a waiver or admission of any claim or defense of this action. Moreover, the failure to designate information in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of documents or things, and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery. This Order shall not in any way limit what the producing party may do with its own documents or information.

14. In the event anyone shall violate or threaten to violate the terms of the Protective Order, the aggrieved party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Order, and in the event the aggrieved party shall do so, the respondent, subject to the provisions of

this Order, shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law. The parties and any other person subject to the terms of this Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Order.

15. In the event that any party disagrees at any stage of these proceedings with the designation of any information as "CONFIDENTIAL" or as "ATTORNEYS' EYES ONLY," the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the confidentiality designation shall seek appropriate relief from the Court.

16. Immediately after entry of final judgment, including appeals, or of dismissal in connection with this action, all documents and things or transcripts of depositions, together with all copies thereof, which have been designated as including "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be returned to the respective party by which it was produced within thirty (30) days of the entry of final judgment.

17. The termination of proceedings in this action shall not thereafter relieve any person to whom "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" was disclosed from the obligation of maintaining the confidentiality of such information in accordance with the provisions of this Protective Order.

18. The parties may by written stipulation provide for exceptions to this Protective Order and any party may seek an order of this Court modifying or interpreting this Protective Order.

19. Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality or relief from this Protective Order regarding matter designated as containing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

20. "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" subject to this Protective Order shall be used by the party(ies) to whom it is produced solely and

exclusively for purposes of the above-captioned litigation.  All persons to whom "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" are disclosed are prohibited from using said information for any other purpose and are specifically prohibited from using said information for any other cases, proceedings, or disputes or for any commercial, business, competitive or other purpose whatsoever.  Further, no person receiving or reviewing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall disclose it or its contents to any person other than as provided in this Protective Order and for the purposes specified.

21. Subject to rules of evidence, documents, material and information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be offered in evidence at any hearing or trial of these cases upon one (1) day's written notice of the intention to do so or, if that is not possible, such shorter notice as the circumstances permit.  Any party may move the Court orally or in writing for an order that the evidence be received *in camera* at the hearing or under other conditions to prevent unnecessary disclosure.  The Court then will determine whether the proffered evidence should be treated as confidential and, if so, what protections, if any, shall be afforded to such information at the hearing or trial.

22. If any party or other person authorized under this Protective Order to receive material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" receives a subpoena from a non-party to this Protective Order seeking production or other disclosure of such material, that party or person shall refuse to produce any such material unless legally required to do so, and shall immediately give written notice to counsel for the party who produced such material identifying the material requested and enclosing a copy of the subpoena.

23. Each of the parties' employees is bound by the terms of this Protective Order.

# ATTACHMENT A

I, _____ hereby certify that I have read and am fully familiar with the terms of the Protective Order entered in Mavrix Photo, Inc. v. Young Black and Fabulous LLC *et al*, Case No. 12-10312 GHK (JCx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court.

I acknowledge that I am about to receive Confidential Information and/or Attorneys' Eyes Only Information in said action and certify my understanding that such Information is being provided to me pursuant to the terms and restrictions of the Protective Order. I understand that such Information, and any copies I make of any documentary material containing Confidential Information and/or Attorneys' Eyes Only Information, or any notes or other records that may be made regarding any such information, shall not be disclosed to others, except other persons that are identified in and have agreed to comply with and be bound by the terms of the Protective Order. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated this \_\_\_\_ day of _____, 201\_\_.

10

**PROTECTIVE ORDER**